Filed 7/8/15  P. v. Norris CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050889 |
| v. | (Super. Ct. No. R-02309) |
| RANDY MICHAEL NORRIS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The trial court found Randy Norris violated the terms and conditions of his postrelease community supervision (PRCS; see Pen. Code, § 3455) and imposed a sentence of 180 days in custody. Norris appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts and procedural history of the case, and cited possible legal issues, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable matters. Counsel submitted a declaration stating he reviewed the entire record and spoke to trial counsel. Counsel advised Norris he would file a *Wende* brief, and Norris concurred in the filing of the *Wende* brief. Counsel stated he sent Norris the appellate record and was providing Norris with a copy of the *Wende* brief. He advised Norris he could personally file a supplemental brief on his own behalf raising any issues he believed worthy of consideration. Counsel did not argue against his client or declare the appeal was frivolous. He did not move to withdraw as counsel, but advised Norris he could ask the court to relieve him as counsel. We gave Norris 30 days to file a supplemental brief, but he has not responded. We have reviewed the record, found no arguable issues, and therefore affirm the order.

FACTS AND PROCEDURAL HISTORY

In April 2013, Norris pleaded guilty to receiving stolen property (Pen. Code, § 496, subd. (a)), evading arrest (Veh. Code, § 2800.2), and driving under the influence (Veh. Code, § 23152, subd. (a)). He received a two-year prison term, and authorities released him on PRCS in December 2013. Norris had a string of prior convictions dating back to 2003 for drug and theft-related conduct.

In April 2014, the Orange County Probation Department filed a petition alleging Norris violated the terms and conditions of his PRCS by possessing and using controlled substances. In June 2014, he admitted the violation and received a 180-day jail commitment. The court also ordered him to complete a residential drug program.

2

On August 18, 2014, the probation department filed a second petition alleging Norris violated PRCS by, failing to cooperate with the probation officer in a plan for drug and alcohol treatment, and counseling. The trial court conducted a hearing on the petition October 17, 2014. The court denied Norris's motion to dismiss the petition for a violation of due process (see *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 [parolee entitled to arraignment within 10 days of an arrest for a parole violation, a probable cause hearing within 15 days, and a final hearing within 45 days]). Norris's probation officer, Chris Lopez, testified he directed Norris to enroll and complete a drug program at the Cooper Fellowship Drug Treatment Program (Cooper Fellowship). Norris enrolled in the program on July 22, 2014. Lopez received notification from Cooper Fellowship reflecting Norris had been discharged from the program on August 9, 2014, for noncompliance. Over defense objections, the court received a report from Cooper Fellowship detailing the basis for the discharge.

The court found Norris violated PRCS by failing to complete drug treatment. The court sentenced Norris to 180 days in custody, with credit for 132 days.

## DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record and discern no arguable issue. This includes counsel's suggestion we consider whether the trial court properly denied Norris's motion to dismiss. Norris has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106, 111 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved. Consequently, we affirm the judgment. (*Wende, supra,* 25 Cal.3d at p. 443.)

DISPOSITION

The order is affirmed.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.

4